# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

William B. Austin,
    Petitioner,

    vs.                                                Case No. 1:04cv226
                                                          (Weber, J.; Black, M.J.)

Khelleh Konteh,
    Respondent.

## REPORT AND RECOMMENDATION

       Petitioner, an inmate in state custody at the Toledo Correctional Institution in Toledo, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on the petition and respondent's return of writ. (Docs. 1, 9).

### Procedural Background

       On September 27, 2000, petitioner was indicted in Hamilton County, Ohio, on one count of rape and one count of kidnaping. (Doc. 9, Ex. 2). Both counts contained repeat-violent-offender specifications. Petitioner filed a suggestion of incompetency and pleaded not guilty by reason of insanity. (Doc. 9, Ex. 1). A competency hearing was held on January 11, 2001. *Id.* Based on the testimony of a court employed psychologist, petitioner was found competent to stand trial. *Id.*

       On February 23, 2001, petitioner was indicted on one count of conspiracy to commit aggravated murder, one count of aggravated murder, and one count of attempted kidnaping. (Doc. 9, Ex. 3). The second set of charges arose from a jailhouse plot to kidnap and murder the rape victim to prevent testimony. On February 28, 2001, petitioner entered guilty pleas to one count of attempted rape and one count of conspiracy to commit aggravated murder with an agreed sentence of fifteen years of imprisonment. (Doc. 9, Ex. 4, 5, 30). On March 2, 2001,

judgment was entered, and petitioner was sentenced. (Doc. 9, Ex. 4, 5). At the sentencing hearing, petitioner made an oral motion to withdraw his guilty plea. (Doc. 9, Ex. 31A, pp. 4-5). The motion was denied following a brief hearing. (Doc. 9, Ex. 31A, p. 5 and Ex. 10).

With the assistance of counsel, petitioner filed a timely consolidated appeal to the Ohio Court of Appeals, First Appellate District. (Doc. 9, Ex. 8, 9). Petitioner's appeal raised three assignments of error, including a claim challenging the denial of his motion to withdraw the guilty plea. (Doc. 9, Ex. 12A). On December 14, 2001, the Ohio Court of Appeals reversed the trial court and remanded the matter for a new, more thorough, evidentiary hearing on petitioner's competency and its effect on his motion to withdraw his guilty plea. (Doc. 9, Ex. 15). On February 4, 2002, subsequent to a new evidentiary hearing, the trial court again found petitioner competent and reaffirmed his sentence. (Doc. 9, Ex. 21). Petitioner did not pursue a timely appeal from the February 4, 2002 Order.

Instead, on August 9, 2002, petitioner filed a *pro se* motion for a delayed appeal from the original March 2, 2001 judgment and sentence.[1] (Doc. 9, Ex. 22, 23). On September 13, 2002, the Ohio Court of Appeals denied leave to file a delayed appeal on the ground that petitioner had failed to show cause why he did not file an appeal as of right. (Doc. 9, Ex. 25). On October 15, 2002, petitioner filed a *pro se* notice of appeal to the Supreme Court of Ohio. (Doc. 9, Ex. 26). In his Memorandum in Support of Jurisdiction, petitioner failed to present any justification for his delay in filing. (Doc 9, Ex. 27). On January 29, 2003, the Supreme Court of Ohio affirmed the denial of petitioner's motion for delayed appeal and dismissed the case "as not involving any substantial constitutional question." (Doc. 9, Ex. 28).

In February 2004, petitioner initiated the instant federal habeas corpus action. The petition, which was signed by petitioner on February 7, 2004, was stamped as "received" by the Court on February 17, 2004, and as "filed" on March 29, 2004. (Doc. 1).

In the petition, petitioner alleges the following grounds for relief:

---

[1] The record is unclear why petitioner did not file an appeal from the February 4, 2002 Order, rather than a motion for delayed appeal from the March 2, 2001 judgment and sentence, which had already been subject to a direct appeal as of right. For purposes of this Report and Recommendation, the Court will assume that the motion for the delayed appeal stemmed from the February 4, 2002 Order and, therefore, will calculate the running of the statute of limitations from that later date.

**Ground One**: On 03-02-01 during sentence [petitioner] orally moved the court to withdraw his guilty plea[.] [C]ourt denied Austin. [Petitioner] stated that he felt that he was being tricked and that he did not want to plead guilty to something he had not done.

**Ground Two**: [Petitioner] suffered from mental conditions.

**Ground Three**: [Petitioner] was entraped (sic.) set up by inmate.

**Ground Four**: Entrapment.

(Doc. 1, pp. 5-6).

## OPINION

**The Petition Is Barred From Review By The Statute Of Limitations**.

In the return of writ, respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 9, Brief, pp. 8-11).

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief

or other collateral review.

In this case, it is clear from the record that petitioner was aware of the factual bases for his grounds for relief at the time of his conviction and initiation of state appeal proceedings, because he presented essentially the same claims as assignments of error on direct appeal. Therefore, the petition is governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review.

Under this provision, petitioner's conviction became "final" on March 7, 2002, one day after the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's February 2, 2002 Order reaffirming petitioner's sentence following remand. (Doc. 9, Ex. 21). *See* Ohio R. App. P. 4(A), Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000).

An argument can be made that the motion for delayed appeal filed on August 9, 2002 is part of the direct appeal within the meaning of 28 U.S.C. § 2244(d)(1)(A), and, therefore, that the statute of limitations did not begin to run until after the Supreme Court of Ohio affirmed the denial of petitioner's delayed appeal motion on January 29, 2003. However, this argument was expressly rejected when the Sixth Circuit declined to find that the AEDPA's statute of limitations was "retriggered" or began to run anew when the Supreme Court of Ohio denied the petitioner's motion for delayed appeal. *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001). In so ruling, the court expressed its approval of the district court's reliance on the following "rationale of a sister court from the Second Circuit:"

> [The petitioner's argument] is a position that we cannot endorse, because it would effectively eviscerate the AEDPA's statute of limitations. Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable result.

*Raynor v. Dufrain,* 28 F.Supp.2d 896, 898 (S.D.N.Y. 1998); *Searcy,* 246 F.3d at 519.[2]

During the one-year limitations period, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2).[3] The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998).[4]

The court in *Searcy* held that while the denial of a delayed appeal motion does not restart the clock at zero, it may serve to toll the running of the limitations period. *Searcy,* 246 F.3d at 519*; cf. Miller v. Collins,* 305 F.3d 491, 494 (6th Cir. 2002) (delayed appeal to Supreme Court of Ohio "tolled the one-year statute of limitations while it was pending" before that court). This Court is bound by *Searcy* and concludes accordingly that petitioner's motion for delayed appeal, which was denied by the Supreme Court of Ohio, did not restart the one-year limitations period under 28 U.S.C. § 2244(d)(1)(A), but rather could only serve to toll the running of a clock that had not yet fully expired.

---

[2] *But cf. Lambert v. Warden, Ross Correctional,* 81 Fed.Appx. 1, 7-8 (6th Cir. Sept. 2, 2003) (not published in Federal Reporter) (while acknowledging that *Searcy* "is binding precedent with respect to non-26(B) delayed appeals," and was written by the same judge who authored *White v. Schotten,* 201 F.3d 743, 752-54 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000), the majority opinion pointed out in dicta that *Searcy* was decided "in direct contradiction to *White*"). In this case, the delayed appeal was a non-26(B) action, and *Searcy* is binding.

[3] *See also Bennett v. Artuz*, 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000); *Gaskins v. Duval*, 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (6th Cir. 1998) (per curiam); *Gendron v. United States*, 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied*, 526 U.S. 1113 (1999); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 ( 3rd Cir. 1998); *cf. Morris v. Bell*, 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied*, 522 U.S. 1149 (1998).

[4] *See also Smith v. McGinnis*, 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied*, 531 U.S. 840 (2000); *Sorce v. Artuz*, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania*, 30 F.Supp.2d 481, 485 (M.D. Pa. 1998).

In this case, the statute of limitations ran for 155 days, from March 7, 2002, when the reaffirmation of judgment and automatic 30-day appeal period expired, to August 9, 2002, when the statute was tolled by the filing of petitioner's motion for delayed appeal. *See Searcy*, 246 F.3d at 519. The statute remained tolled until April 29, 2003, when the ninety-day period expired for filing a petition for writ of certiorari with the United States Supreme Court from the Supreme Court of Ohio's January 29, 2003 final Order affirming the denial of petitioner's delayed appeal motion. *See Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), *cert. denied*, 541 U.S. 1070 (2004). The statute resumed running on April 30, 2003 and expired 210 days later on November 26, 2003.

Under *Houston v. Lack*, 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton*, 134 F.3d 109, 112-13 (3rd Cir. 1998); *see also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). In this case, the record does not reflect the actual date petitioner provided his petition to prison authorities for mailing. Absent evidence to the contrary, the Court assumes the petition was delivered to prison authorities and thus "filed" on February 7, 2004, the date petitioner signed it. *Cf. Burnett v. Birkett*, No. 00-10144-BC, 2002 WL 31748843, at *3 (E.D. Mich. Nov. 26, 2002) (unpublished) (citing *Hudson v. Martin*, 68 F.Supp.2d 798, 799 n.2 (E.D. Mich. 1999), *aff'd*, 8 Fed. Appx. 352 (6th Cir. Mar. 22, 2001)). Therefore, absent the application of equitable tolling principles, the instant petition "filed" on February 7, 2004, was filed 75 days after the statute of limitations had ceased running and is time-barred.

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151).

      The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

      Petitioner has not argued for equitable tolling or otherwise sought to apply the five equitable tolling factors to his case. Moreover, there is no evidence in the record to suggest that petitioner lacked notice or constructive knowledge of the one-year filing requirement for federal habeas corpus petitions. In any event, it would have been unreasonable for petitioner to remain ignorant of the filing requirement, which has been in effect since April 1996, when he filed the instant petition. Petitioner has failed to demonstrate that he acted with due diligence in pursuing his federal remedy. Therefore, equitable tolling is inappropriate in this case.

      The Sixth Circuit also recognizes that the AEDPA statute of limitations is subject to equitable tolling based on a "credible showing of actual innocence" under the standard enunciated by the Supreme Court in *Schlup v. Delo,* 513 U.S. 298 (1995); *Souter v. Jones,* 395 F.3d 577, 597-601 (6th Cir. 2005). However, petitioner's grounds for relief are not based on claims of "actual innocence," and, therefore, equitable tolling based on "actual innocence" does not apply in this case.

      Accordingly, in sum, the Court concludes that the instant petition, filed at least 75 days after the statute of limitations expired, is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) should be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's grounds for relief alleged in the petition, which this Court has concluded are time-barred and thus barred from review on procedural grounds, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[5]

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 6/30/05                                                    s/Timothy S. Black
   dpl                                                                Timothy S. Black
                                                                                     United States Magistrate Judge

---

[5] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, the Court need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim for relief in his habeas petition. *See Slack*, 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

William B. Austin,
    Petitioner

    vs.                                  Case No. 1:04cv226
                                            (Weber, J.; Black, M.J.)

Khelleh Konteh,
    Respondent

## NOTICE

    Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).